**CORRECTED**

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE M. MILLER BAKER, JUDGE**

ASSAN ALÜMINYUM SANAYI VE TICARET A.Ş., KIBAR AMERICAS INC., and KIBAR DIŞ TICARET A.Ş.,

*Plaintiffs*,

v.

UNITED STATES,

*Defendant*,

ALUMINUM ASSOCIATION COMMON ALLOY ALUMINUM SHEET TRADE ENFORCEMENT WORKING GROUP AND ITS INDIVIDUAL MEMBERS, ARCONIC CORPORATION, COMMONWEALTH ROLLED PRODUCTS INC., CONSTELLIUM ROLLED PRODUCTS RAVENSWOOD, LLC, JW ALUMINUM COMPANY, NOVELIS CORPORATION, and TEXARKANA ALUMINUM, INC.,

*Defendant-Intervenors*.

**NON-CONFIDENTIAL VERSION**

Court No. 1:26-cv-02957-MMB

**Business Proprietary Information Deleted from Pages: 7-10, 12, 13, 18, & 24.**

**PLAINTIFFS' MOTION FOR JUDGMENT ON THE AGENCY RECORD AND BRIEF IN SUPPORT FOR JUDGMENT ON THE AGENCY RECORD PURSUANT TO RULE 56.2**

Pursuant to Rule 56.2(c) of the Rules of the U.S. Court of International Trade ("CIT Rules"), and this Court's scheduling order, *see* Scheduling Order (Aug. 21, 2026), ECF No. 27, Plaintiffs Assan Alüminyum Sanayi ve Ticaret A.Ş. ("Assan"), Kibar Dış Ticaret A.Ş. ("Kibar Dış"), and Kibar Americas Inc. ("Kibar Americas") (collectively, "Plaintiffs"), by and through their attorneys, respectfully move this Court for an Order granting their Motion for Judgment on the Agency Record Pursuant to Rule 56.2.

This motion challenges certain findings and conclusions by the U.S. Department of Commerce ("Commerce") in the final results (as amended) of the countervailing duty administrative review of common alloy aluminum sheet from the Republic of Türkiye, for the period of review January 1, 2023 through December 31, 2023. *See Common Alloy Aluminum Sheet From the Republic of Türkiye: Final Results of Countervailing Duty Administrative Review; 2023*, 91 Fed. Reg. 17941 (Dep't Commerce Apr. 9, 2026) ("*Final Results*"), Appx001422–001423, and accompanying Issues and Decision Memorandum, Appx001206–001234, as amended by *Common Alloy Aluminum Sheet From the Republic of Türkiye: Final Results of Countervailing Duty*

*Administrative Review; 2023; Correction*, 91 Fed. Reg. 22125 (Dep't Commerce Apr. 24, 2026) ("*First Am. Final Results*"), Appx001422–001423, and *Common Alloy Aluminum Sheet From the Republic of Türkiye: Final Results of Countervailing Duty Administrative Review; 2023; Correction*, 91 Fed. Reg. 23961 (Dep't Commerce May 4, 2026) ("*Second Am. Final Results*"), Appx001426.

Commerce's *Final Results* are reviewable under 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I), 1516a(a)(2)(B)(iii), and 1516a(g)(3)(A)(i). This Court has jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(B)(iii).

As explained in Plaintiffs' accompanying Brief, Commerce's *Final Results* are not supported by substantial evidence on the record and otherwise not in accordance with law. Plaintiffs respectfully request that the Court remand the *Final Results* and instruct Commerce to reconsider: (1) its decision to treat the Regional Investment Incentive Scheme Corporate Tax Reduction (the "RIIS Tax Reduction") and the Law on Supporting Research, Development and Design Activities (the "R&D Law") as separate programs from Law 7440; (2) its benefit calculations for the RIIS Tax Reduction and the R&D Law, which did

not include the reductions to the benefits attributable to Law 7440 or accurately compare the taxes that Assan would have been required to pay in the absence of the program; and (3) its failure to consider whether the increased tax expenses imposed by Law 7440 qualify as an extraordinary expense, which reduces the benefits received from the RIIS Tax Reduction and the R&D Law.

Therefore, for all the reasons mentioned above and in Plaintiffs' accompanying Brief, Plaintiffs respectfully move this Court to:

i. Hold that Commerce's *Final Results*, as amended by the *First Amended Final Results* and the *Second Amended Final Results*, are not supported by substantial evidence and otherwise not in accordance with law with respect to the arguments and claims by Plaintiffs;

ii. Remand the *Final Results* to Commerce for a determination consistent with the opinion of this Court; and

iii. Grant such additional relief as the Court may deem just and proper.

**/s/ Jessica R. DiPietro**
Jessica R. DiPietro
Leah N. Scarpelli
Matthew M. Nolan

Tyler J. Kimberly
Chelsea J. Burkhart

ARENTFOX SCHIFF LLP
1717 K Street, NW
Washington, D.C. 20006
Tel: (202) 350-3622
Email:
jessica.dipietro@afslaw.com

*Attorneys for Assan Alüminyum Sanayi ve Ticaret A.Ş., and Kibar Dış Ticaret A.Ş.*

September 22, 2026

**CORRECTED**

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE M. MILLER BAKER, JUDGE**

ASSAN ALÜMINYUM SANAYI VE TICARET A.Ş., KIBAR AMERICAS INC., and KIBAR DIŞ TICARET A.Ş.,

*Plaintiffs*,

v.

UNITED STATES,

*Defendant*,

ALUMINUM ASSOCIATION COMMON ALLOY ALUMINUM SHEET TRADE ENFORCEMENT WORKING GROUP AND ITS INDIVIDUAL MEMBERS, ARCONIC CORPORATION, COMMONWEALTH ROLLED PRODUCTS INC., CONSTELLIUM ROLLED PRODUCTS RAVENSWOOD, LLC, JW ALUMINUM COMPANY, NOVELIS CORPORATION, and TEXARKANA ALUMINUM, INC.,

*Defendant-Intervenors*.

**NON-CONFIDENTIAL VERSION**

Court No. 1:26-cv-02957-MMB

**Business Proprietary Information Deleted from Pages: 7-10, 12, 13, 18, & 24.**

**PLAINTIFFS' MOTION FOR JUDGMENT ON THE AGENCY RECORD AND BRIEF IN SUPPORT FOR JUDGMENT ON THE AGENCY RECORD PURSUANT TO RULE 56.2**

# TABLE OF CONTENTS


I. STATEMENT PURSUANT TO CIT RULE 56.2 .......... 2

A. Administrative Determination Under Review .......... 2

B. Issues Presented .......... 2

1. Whether Commerce's Finding that Law 7440 Is Not Part of the Same Program as the RIIS Tax Reduction and the R&D Program Is Supported by Substantial Evidence. .......... 3

2. Whether Commerce's Benefit Calculations for the RIIS Tax Reduction and the R&D Law Overestimate the Actual Benefits that Assan Received. .......... 4

3. Whether Substantial Evidence Supports Commerce's Finding that Law 7440 Is Not an Extraordinary Expense. .......... 5

II. STATEMENT OF FACTS .......... 6

III. STANDARD OF REVIEW .......... 13

IV. SUMMARY OF ARGUMENT .......... 15

V. ARGUMENT .......... 17

A. Commerce's Finding that the Increased Tax Burden Is a Consequence of—Not Part of—the RIIS Tax Reduction and the R&D Program Is Not Supported by Substantial Evidence .......... 17

B. Commerce Unlawfully Inflated the Benefit Calculations .......... 23

C. Commerce Did Not Address Evidence that Law 7440 Was Based on an Extraordinary Event .......... 25

VI. CONCLUSION .......... 27

**CONFIDENTIAL MATERIAL REDACTED**

Pursuant to Judge Baker's Document Formatting and ECF Filing Memorandum, para. 5 and Federal Circuit Rule 25.1(e), the confidential material omitted from pages **7-10, 12, 13, 18, & 24** describes Assan's tax reductions, tax liabilities, and benefits submitted in in its questionnaire responses and utilized in the U.S. Department of Commerce's Final & Preliminary Calculation Memoranda. This information was designated "confidential" by both plaintiffs and Commerce in the underlying administrative proceeding submitted pursuant to an administrative protective order.

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Changzhou Wujin Fine Chem. Factory Co. v. United States*,
701 F.3d 1367 (Fed. Cir. 2012) .......... 14

*CS Wind Viet. Co. v. United States*,
832 F.3d 1367 (Fed. Cir. 2016) .......... 21

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*,
591 U.S. 1 (2020) .......... 27

*DuPont Teijin Films USA, LP v. United States*,
407 F.3d 1211 (Fed. Cir. 2005) .......... 13

*Gerald Metals, Inc. v. United States*,
132 F.3d 716 (Fed. Cir. 1997) .......... 14

*Hynix Semiconductor Inc. v. United States*,
391 F.Supp.2d 1337 (Ct. Int'l Trade 2005) .......... 21, 22

*Mid Continent Nail Corp. v. United States*,
846 F.3d 1364 (Fed. Cir. 2017) .......... 14

*Nippon Steel Corp. v. United States*,
458 F.3d 1345 (Fed. Cir. 2006) .......... 13, 22

*NTN Bearing Corp. v. United States*,
74 F.3d 1204 (Fed. Cir. 1995) .......... 14, 23

*Rhone-Poulenc, Inc. v. United States*,
927 F.Supp.451 (Ct. Int'l Trade 1996) .......... 15

*Shandong Rongxin Imp. & Exp. Co. v. United States*,
163 F.Supp.3d 1249 (Ct. Int'l Trade 2016) .......... 14

*Timken U.S. Corp. v. United States*,
421 F.3d 1350 (Fed. Cir. 2005) .......... 22

*Universal Camera Corp. v. NLRB*,
340 U.S. 474 (1951) .................................................................. 14, 23

*Yangzhou Bestpak Gifts & Crafts Co. v. United States*,
716 F.3d 1370 (Fed. Cir. 2013) ..................................................... 24

**Federal Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i) ............................................................ 13

**Regulations**

19 C.F.R. § 351.503(e) ................................................................ 12, 17

*Countervailing Duties*, 63 Fed. Reg. 65348, 65362 (Dep't
Commerce Nov. 25, 1998) (final rule) ........................................... 19

**Administrative Determinations**

*Certain Brake Drums From the Republic of Türkiye: Final
Affirmative Countervailing Duty Determination*, 90 Fed.
Reg. 26008 (Dep't Commerce June 18, 2025), and
accompanying Issues and Decision Memorandum ........................... 20

*Certain Brake Drums From the Republic of Türkiye:
Preliminary Affirmative Countervailing Duty
Determination and Alignment of Final Determination
With Final Antidumping Duty Determination*, 89 Fed.
Reg. 95740 (Dep't Commerce Dec. 3, 2024), and
accompanying Issues and Decision Memorandum ........................... 20

*Common Alloy Aluminum Sheet From the Republic of
Türkiye: Final Results of Countervailing Duty
Administrative Review; 2023*, 91 Fed. Reg. 17941 (Dep't
Commerce Apr. 9, 2026), and accompanying Issues and
Decision Memorandum ........................................................... *passim*

*Common Alloy Aluminum Sheet From the Republic of
Türkiye: Final Results of Countervailing Duty
Administrative Review; 2023*; *Correction*, 91 Fed. Reg.
22125 (Dep't Commerce Apr. 24, 2026) .............................................. 2

*Common Alloy Aluminum Sheet From the Republic of Türkiye: Final Results of Countervailing Duty Administrative Review; 2023; Correction*, 91 Fed. Reg. 23961 (Dep't Commerce May 4, 2026) .................................................. 2

*Common Alloy Aluminum Sheet From the Republic of Türkiye: Preliminary Results of the Countervailing Duty Administrative Review; 2023*, 90 Fed. Reg. 38453 (Dep't Commerce Aug. 8, 2025), and accompanying Preliminary Decision Memorandum ...................................................................... 10

*Granular Polytetrafluoroethylene Resin From India: Final Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances*, 87 Fed. Reg. 3772 (Dep't Commerce Jan. 25, 2022), , and accompanying Issues and Decision Memorandum ............................ 25

*Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 49844, 49853–54 (Dep't Commerce June 12, 2024) ........................................................ 6

*Sugar From Mexico: Final Determination of Sales at Less Than Fair Value*, 80 Fed. Reg. 57341 (Dep't Commerce Sept. 23, 2015), and accompanying Issues and Decision Memorandum ............................................................ 25, 26, 27

# GLOSSARY

| Description | Acronym |
|---|---|
| Common Alloy Aluminum Sheet | CAAS |
| Corporate Tax Reduction for Manufacturers | CTRM |
| Regional Investment Incentive Scheme | RIIS |
| Research and Development | R&D |
| Turkish Lira | TL |

Pursuant to Rule 56.2(c) of the Rules of the U.S. Court of International Trade ("CIT Rules"), and this Court's scheduling order, *see* Scheduling Order (Aug. 21, 2026), ECF No. 27, Assan Alüminyum Sanayi ve Ticaret A.Ş. ("Assan"), Kibar Dış Ticaret A.Ş. ("Kibar Dış"), and Kibar Americas Inc. ("Kibar Americas") (collectively, "Plaintiffs") hereby submit their Motion for Judgment on the Agency Record and Accompanying Brief. For the reasons set forth below, Plaintiffs respectfully request that the Court reverse the challenged determination of the U.S. Department of Commerce ("Commerce") and remand with instructions for Commerce to reconsider its decision to treat the Regional Investment Incentive Scheme ("RIIS") Corporate Tax Reduction (the "RIIS Tax Reduction") and the Law on Supporting Research, Development and Design Activities (Law No. 5746), which provided for corporate income tax deductions for R&D expenses (the "R&D Law") as separate programs, as compared to Law 7440, and the calculation of any benefit conferred as such.

# I. STATEMENT PURSUANT TO CIT RULE 56.2

## A. Administrative Determination Under Review

The administrative determination under review is *Common Alloy Aluminum Sheet From the Republic of Türkiye: Final Results of Countervailing Duty Administrative Review; 2023*, 91 Fed. Reg. 17941 (Dep't Commerce Apr. 9, 2026) ("*Final Results*"), Appx001419–001421, and accompanying Issues and Decision Memorandum ("I&D Mem."), Appx001206–001234, as amended by *Common Alloy Aluminum Sheet From the Republic of Türkiye: Final Results of Countervailing Duty Administrative Review; 2023*; *Correction*, 91 Fed. Reg. 22125 (Dep't Commerce Apr. 24, 2026) ("*First Am. Final Results*"), Appx001422–001423, and *Common Alloy Aluminum Sheet From the Republic of Türkiye: Final Results of Countervailing Duty Administrative Review; 2023; Correction*, 91 Fed. Reg. 23961 (Dep't Commerce May 4, 2026) ("*Second Am. Final Results*"), Appx001426. The period of review ("POR") is January 1, 2023 through December 31, 2023.

## B. Issues Presented

Plaintiffs raise the following issues of fact and law in this brief, which address Commerce's decision to include the "full" benefits of RIIS Corporate Tax Reductions and R&D Corporate Income Tax Deductions

for R&D Expenses, rather than the amount paid to and expected by the Turkish Government, unlawfully inflated the benefit and was not supported by record evidence:

**1. Whether Commerce's Finding that Law 7440 Is Not Part of the Same Program as the RIIS Tax Reduction and the R&D Program Is Supported by Substantial Evidence.**

No. The deductions under the RIIS Tax Reduction and the R&D Law, and the increased tax liability imposed under Law 7440 constitute a single program. Commerce, however, found that Law 7440 was a separate program that increased tax liability as a "consequence," of the RIIS Tax Reduction and the R&D Law. Consequently, Commerce disregarded the fact that Law 7440 reduced the tax savings from the RIIS Tax Reduction and the R&D Law. The problem is that the increased tax liability and the tax savings are claimed and imposed at the same time—not through separate actions. Commerce relied on a prior determination—in which it found that Law 7440 constituted a separate program—in support of its decision. But whereas Commerce found there was no evidence that Law 7440 was part of the same program as the underlying tax measures in the other case, there is such evidence in this case—although Commerce did not address it. Further,

Commerce appears to assume that tax measures imposed under separate laws must constitute separate programs. That assumption, however, is not based on any evidence or analysis. Therefore, Commerce failed to provide a reasonable explanation and did not address evidence detracting from its conclusion. Commerce's decision should be remanded.

**2. Whether Commerce's Benefit Calculations for the RIIS Tax Reduction and the R&D Law Overestimate the Actual Benefits that Assan Received.**

Yes. Assuming *arguendo* that Law 7440, RIIS Tax Reduction, and R&D Law form distinct programs, Commerce erred by overstating the benefits from the latter two "programs." Specifically, Commerce erred by ignoring the fact Assan did not receive the full benefit from the RIIS Tax Reduction or the R&D Law because the benefits were reduced by Law 7440. Commerce also compared the taxes that Assan actually paid to the taxes Assan would have paid if the 23% corporate tax rate had applied. However, Commerce should have performed this calculation assuming that a 22% rate corporate tax rate would have applied in the absence of the RIIS Tax Reduction, and R&D Law. Therefore, Commerce's calculations must be remanded.

### 3. Whether Substantial Evidence Supports Commerce's Finding that Law 7440 Is Not an Extraordinary Expense.

No. Without considering the actual evidence and arguments on the record, Commerce rejected Assan's claim that Law 7440 amounts to an extraordinary expense. If Commerce had found that Law 7440 constituted an extraordinary expense, it would have (and should have) reduced the benefits associated with the RIIS Tax Reduction and the R&D Law based on the increased tax liability imposed by Law 7440. In the antidumping duty context, Commerce will afford favorable treatment to increased expenses imposed in connection with extraordinary events when: (1) the events are highly abnormal and unrelated to the respondent's typical activities; and (2) the events are not likely to recur. Evidence on the record shows that the Government of Türkiye enacted Law 7440 in response to severe earthquakes. These natural disasters satisfy the criteria for an extraordinary expense. However, Commerce summarily rejected the notion that Law 7440 is an extraordinary expense, without addressing the necessary criteria or the evidence in this case. Commerce's refusal to consider whether Law 7440 amounts to an extraordinary expense should be remanded.

## II. STATEMENT OF FACTS

On June 12, 2024, Commerce initiated the countervailing duty administrative review covering entries from January 1, 2023 through December 31, 2023. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 49844, 49853–54 (Dep't Commerce June 12, 2024), Appx002024–002025. On August 29, 2024, Commerce selected the mandatory respondents in this review: Assan and Teknik Aluminyum Sanayi A. S. *See* Respondent Selection (Aug. 29, 2024), Appx002049–002054.

Plaintiffs timely responded to Commerce's initial and supplemental questionnaires. Relevant here, Plaintiffs reported that Assan received the RIIS Tax Reduction, R&D Incentives – Tax Deductions, and the Corporate Tax Reduction for Manufacturers ("CTRM") during the POR. *See* Response of Assan Alüminyum Sanayi ve Ticaret A.Ş. to U.S. Department of Commerce's Section III CVD Questionnaire at 18–20, 56 (Oct. 28, 2024) ("Assan's IQR"), Appx002239–002241, Appx002277.

The RIIS includes a variety of programs, only one of which is relevant to this case: the RIIS Tax Reduction. *See generally* Response of

the Government of Türkiye to Initial Questionnaire in 2023 Countervailing Duty Administrative Review on Common Alloy Aluminum Sheet from the Republic of Turkey at 44–48 (Nov. 8, 2024) ("GOT's IQR"), Appx003273–003277. The RIIS Corporate Tax Reduction reduced Assan's tax liability, due to its use of [ **#** ] regional investment incentive certificates.[1] *See* GOT's IQR at 46, Appx003275; Assan's IQR, Exh. 18, Appx003059–003060. Assan calculated its benefit under the RIIS Tax Reduction by aggregating the tax reduction amounts on each regional incentive investment certification, resulting in a benefit of [ **value #** ]. *Id.*

However, in February 2023, the Government of Türkiye enacted Law 7440 in response to severe earthquakes. *Id.* at 18, Appx002239. Law 7440 reduced the tax benefits associated with the RIIS Tax Reduction and the R&D Law by imposing an increased tax. *See id.* at 18–19, Exh. 21, Appx002239–002240, Appx003084–003086; GOT's IQR at 56, Appx003285. For the RIIS Tax Reduction, Law 7440 increased

[1] The GOT issues regional investment incentive certificates to corporations, and the certificates allow the corporations to receive the assistance specified on the certificates. *See generally,* GOT's IQR at 53–54, Appx003282–003283.

the amount of taxes Assan paid equal to 10% of taxable base (i.e., the taxable base that was reduced based on the possession of a regional incentive investment certificate). *See* Assan's IQR at 18–19, Exh. 21, Appx Appx002239–002240, Appx003084–003086. This reduced the benefit under the RIIS Tax Reduction to [ **value #** ]. *See id.*, Exh. 18, Appx003059–003060.

Assan also received assistance from a provision of the R&D Law that allowed Assan to deduct R&D related expenses from its taxable income. *See id.* at 19–20, Appx002240–002241; GOT's IQR at 61–77, Appx003290–003306. Assan calculated the benefit from this program by multiplying the income exempt from taxes by the applicable tax rate of 22%,[2] which produced a benefit of [ **value #** ]. *See* Assan's IQR at 20, Exh. 19, Exh. 23, Appx002241, Appx003061–003071, Appx003091–003092.

Similar to the discussion of the RIIS Tax Reduction, Law 7440 required Assan to reduce the benefit associated with this program. *See*

---

[2] As explained in the discussion of the CTRM, the tax rate that would have applied to Assan's income (which was exempt under the R&D Law) was 22%. Assan's IQR at 56, 58, Exhs. 18 & 23, Appx002277, Appx002279, Appx003059–003060, Appx003091–003092

*id.* at 18–19, Exh. 21, Appx002239–002240, Appx003084–003086. Specifically, Law 7440 instructed Assan to pay taxes equal to 10% of the amount deducted from its taxable income pursuant to R&D Law ([ **value #** ]). *See id.* at 19–20, Exh. 23, Appx002240–002241, Appx003091–003092. This reduced Assan's benefit from the R&D Law to [ **value #** ]. *See id.*, Exh. 23, Appx003091–003092.

The CTRM provided a one-percentage-point reduction to the corporate tax rate that would otherwise apply for taxable income generated by manufacturing or production activities. *See* Assan's IQR at 56, Appx002277. During the 2022 tax year, the original corporate tax rate was 23%, such that the CTRM reduced the tax rate for Assan's taxable income to 22%. *See id.* Assan calculated a benefit by comparing the taxes it did pay—22% of its taxable base—to the amount it would have paid without the CTRM—23% of its taxable base—resulting in a benefit of [ **value #** ]. *See* Response of Assan Alüminyum Sanayi ve Ticaret A.Ş. to U.S. Department of Commerce's Third Supplemental CVD Questionnaire, Exh. S3-2 (July 14, 2025) ("Assan's 3SQR"), Appx009958–009959.

In the *Preliminary Results*, Commerce accepted Plaintiffs' reported benefit amounts in calculating the subsidy rates. *See* Analysis and Calculations for the Preliminary Countervailing Duty Administrative Review: Assan Aluminyum Sanayi ve Ticaret A.S., Attach. II (tabs [ **Program Benefit Calculation** ]) (Aug. 5, 2025) ("Prelim. Calc. Mem."), Appx001038, Appx001045, Appx001046, Appx001060; *see generally Common Alloy Aluminum Sheet From the Republic of Türkiye: Preliminary Results of the Countervailing Duty Administrative Review; 2023*, 90 Fed. Reg. 38453 (Dep't Commerce Aug. 8, 2025), Appx001092–001094, ("*Preliminary Results*"), and accompanying Preliminary Decision Memorandum, Appx001008–001033.

Petitioners objected to Commerce's calculations. *See* Petitioners' Case Brief (Feb. 17, 2026) ("Petitioners' Br."), Appx001518–001532. Petitioners contended: (1) that Commerce should have calculated the benefits from the RIIS Tax Reduction and the R&D Law by comparing the taxes Assan paid to the taxes that Assan would have paid in the absence of the programs *and* the one percentage-point reduction from

the CTRM; and (2) Commerce improperly offset Assan's RIIS Tax Reduction and R&D Law tax savings by deducting additional taxes Assan paid under Law 7440, a separate and distinct tax law enacted by the GOT after February 2023 earthquakes. *See id.* at 4–8, Appx001525–001529.

In response, Plaintiffs explained that: (1) Petitioners incorrectly relied on a decision by Commerce in a separate proceeding where Commerce found that Law 7440 was not part of the RIIS Tax Reduction; (2) Assan's tax returns demonstrated that Law 7440 was effectively incorporated into the calculations of the RIIS Tax Reduction and the R&D Law; (3) Commerce would calculate an unlawfully inflated benefit if it disregarded the impact of Law 7440 on the RIIS Tax Reduction and the R&D Law; and (4) Commerce should disregard the additional tax payments under Law 7440 in calculating the benefits because the GOT introduced the tax measure in response to an extraordinary event. *See* Rebuttal Brief of Assan Group (Feb. 25, 2026) ("Assan Rebuttal Br."), Appx001533–001545.

In the *Final Results*, Commerce sided with Petitioners. In calculating the benefits for the RIIS Tax Reduction and the R&D Law,

Commerce disregarded the increased Law 7440 tax amounts that Assan paid. *See* I&D Mem. at 24, Appx001229. Commerce claimed that "according to 19 CFR 351.503(e), Commerce will not consider the tax consequences of the benefit when calculating the amount of a benefit." *Id.* In Commerce's view, the increased taxes paid under Law 7440 were "tax consequences" within the meaning of the regulation. *Id.* Thus, Commerce used the benefits as calculated without the increased tax amounts paid under Law 7440 for the RIIS Tax Reduction and the R&D Law. *See* Final Analysis Calculations for Assan Aluminyum Sanayi ve Ticaret A.S., Attach. II (tabs [ **Program Benefit Calculation** ]) (Apr. 6, 2026) ("Final Calc. Mem."), Appx001275, Appx001276.

Commerce also reconsidered its use of the CTRM 22% corporate tax rate to calculate the benefit for both the RIIS Tax Reduction and the R&D Law. *See* I&D Mem. at 23–24, Appx001228–001229. Commerce claimed that its practice is "not to include other tax incentives when determining the benefit from a separate countervailable program." *Id.* Consequently, Commerce compared the amount of taxes that Assan paid (under the RIIS Tax Reduction and the R&D Law, as adjusted

above) to the amount of taxes that Assan would have paid if the 23% corporate tax rate applied—not the 22% corporate tax rate. Final Calc. Mem., Attach. II, (tabs [ **Program Benefit Calculation** ]), Appx001275, Appx001276.

Ultimately, Commerce calculated benefits of [ **value #** ] for the RIIS Tax Reduction and [ **value #** ] for the R&D Program. *See id.*

## III. STANDARD OF REVIEW

This Court must remand any determination by Commerce which is "unsupported by substantial evidence on the record" as a whole or is "otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

When reviewing whether Commerce's actions are unsupported by substantial evidence, the Court assesses whether the agency action is "unreasonable" given the record as a whole. *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351 (Fed. Cir. 2006). Substantial evidence represents "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *DuPont Teijin Films USA, LP v. United States*, 407 F.3d 1211, 1215 (Fed. Cir. 2005) (citation omitted). The Court must ensure that Commerce has relied on more

than a mere "scintilla" of evidence, *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951), and has not reached a conclusion that is against the "clear weight" of the record evidence, *Shandong Rongxin Imp. & Exp. Co. v. United States*, 163 F.Supp.3d 1249, 1252 (Ct. Int'l Trade 2016) (citation omitted). Commerce must address evidence that detracts from its determination—not just the evidence that it cites as supporting its conclusion. *Universal Camera*, 340 U.S. at 488; *Gerald Metals, Inc. v. United States*, 132 F.3d 716, 720 (Fed. Cir. 1997).

In addition to following the statute and its regulations, Commerce has a duty to both exercise its discretion in a manner that is reasonable and to avoid arbitrary action. If Commerce abuses its discretion or its decision is arbitrary or capricious, then its determination is not in accordance with law. *See, e.g.*, *Mid Continent Nail Corp. v. United States*, 846 F.3d 1364, 1372 (Fed. Cir. 2017) ("Commerce's decision will {also} be set aside if it is arbitrary and capricious." (alteration in original) (quoting *Changzhou Wujin Fine Chem. Factory Co. v. United States*, 701 F.3d 1367, 1374 (Fed. Cir. 2012)); *NTN Bearing Corp. v. United States*, 74 F.3d 1204, 1207–08 (Fed. Cir. 1995) (remanding where Commerce's refusal to accept corrective information constituted

an "abuse of discretion"). Additionally, this Court has found Commerce's determinations unlawful "where Commerce has failed to carry out its duties properly, relied on inadequate facts or reasoning, or failed to provide an adequate basis for its conclusions." *Rhone-Poulenc, Inc. v. United States*, 927 F.Supp.451, 454 (Ct. Int'l Trade 1996).

## IV. SUMMARY OF ARGUMENT

This Court should remand Commerce's *Final Results* for three reasons. First, Commerce's finding that Law 7440 is not part of the same tax program as the RIIS Tax Reduction and the R&D Law is unsupported by substantial evidence because Commerce did not consider evidence that the three measures function together. I&D Mem. at 23–24, Appx001228–001229. Law 7440 did not increase a company's tax liability *unless* the company claimed preferential tax treatment under the RIIS Tax Reduction and/or the R&D Law. GOT's IQR at 44–48, Appx003273–003277. Law 7440 does not impose increased tax liability as a mere "consequence" of RIIS Tax Reduction and/or the R&D Law—it is an integral and inseparable aspect of these tax measures. While Commerce came to a different conclusion in a different case, the evidence in this administrative review warrants

departing from its decision in that case. Commerce simply failed to address this evidence. This Court should remand Commerce's decision because it failed to address evidence detracting from its conclusion or reasonably explain its decision.

Second, Commerce calculated benefits for the RIIS Tax Reduction and the R&D Law that exceeded the benefits that Assan received. Specifically, Commerce assumed that a higher corporate tax rate (23%) would have applied to Assan's corporate tax earnings in the absence of the RIIS Tax Reduction and the R&D Law. That is incorrect. In the absence of the RIIS Tax Reduction and the R&D Law, a corporate tax rate of 22% would have applied to Assan's earnings. Further, Commerce calculated the benefits from the RIIS Tax Reduction and the R&D Law as though Law 7440 did not impose increased tax liability. That is, Commerce overcalculated the amounts Assan received from the RIIS Tax Reduction and the R&D Law. The Court should remand Commerce's benefit calculations, which are unreasonably inflated.

Third, Commerce did not consider whether Law 7440 was an extraordinary expense. Commerce should have reduced the benefits from the RIIS Tax Reduction and the R&D Law because Law 7440

amounts to an extraordinary expense. In the antidumping duty context, Commerce uses a two-part test to determine whether an expense is extraordinary: (1) whether the event underlying the expense is highly abnormal and unrelated to the respondent's typical activities; and (2) whether the event is reasonably likely to recur. The earthquakes and Law 7440 satisfy both criteria. Commerce, however, concluded that Law 7440 did not constitute an extraordinary expense, without any analysis of the criteria. Commerce's conclusion should be remanded.

## V. ARGUMENT

### A. Commerce's Finding that the Increased Tax Burden Is a Consequence of—Not Part of—the RIIS Tax Reduction and the R&D Program Is Not Supported by Substantial Evidence

In the *Final Results*, Commerce characterized the increased tax obligations imposed by Law 7440 as mere "tax consequences" of the RIIS Tax Reduction and the R&D Law under 19 C.F.R. § 351.503(e), and excluded those amounts from its benefit calculations. *See* I&D Mem. at 24, Appx001229. In doing so, Commerce failed to address evidence that the increased tax burdens were in fact *part of* the RIIS

Tax Reduction and the R&D Law or provide a coherent explanation. Therefore, Commerce's finding is unsupported by substantial evidence.

Law 7440 provides that amounts "exempted or deducted from corporate earnings in the 2022 corporate tax return under the provisions of *Law No. 5520* and other laws, as well as for the reduced corporate tax base under *Article 32/A of the same law*" were subject to a tax of 10%. *See* GOT's IQR, Exh. 12, Appx003516 (emphasis added); *see also* Assan's IQR, Exh. 21, Appx003085. In other words, Law 7440 augmented the structure of Law No. 5520 and Article 32/A. The RIIS Tax Reduction is part of the framework of Law No. 5520 and Article 32/A. *See* Assan's IQR, Exh. 4, at 39, Appx002387 (explaining that tax allowances for incentives and investments, authorized under the [ **Tax Description** ] may reduce payable taxes based on the rate specified in an incentive certificate). It follows that Law 7440 directly modified the RIIS Tax Reduction.

The law explicitly refers to the deduction made under Article 32/A, the RIIS-corporate reduction and other exemption and deductions under other Laws, providing:

> By showing in the corporate tax return for 2022 by corporate taxpayers, In accordance with the Law No. 5520 and the

> regulations in other laws, the exemption and discount amounts subject to deduction from corporate income and the bases subject to reduced corporate tax within the scope of Article 32/A of the same Law, an additional tax at a rate of 10% without associating it with period earnings, at a rate of 5% is calculated on the exempt earnings obtained from abroad with the exception set out in paragraph (a) of the first paragraph of Article 5 of Law No. 5520 and which is proven to carry a tax burden of at least 15%; and the first installment of this tax is paid within the corporate tax payment period, and the second installment is paid in the fourth month following this period.

*Id.*, Exh. 21, Appx003085. The Turkish Government directly reduces the amount of the RIIS deduction by 10% in accordance with the Law. Indeed, there is a separate section in the corporate tax return for this additional tax. *Id.*, Exh. 19, Appx003061–003081.

Commerce, however, concluded that Law 7440 and the increased tax liability were "consequences" of the RIIS Tax Reduction. *See* I&D Mem. at 24, Appx001229. The word "consequences" in the regulation refers to "secondary tax consequences." *See Countervailing Duties*, 63 Fed. Reg. 65348, 65362 (Dep't Commerce Nov. 25, 1998) (final rule) ("*Preamble*"). Secondary tax consequences are things like a grant increasing the amount of taxable income a firm must pay. *See id.* Such consequences involve distinct actions: one giving rise to the initial benefit, and a second reducing that benefit. But as the preceding

discussion shows, the 10% tax liability increase effectively became part of the RIIS Tax Reduction. The application for the RIIS Tax Reduction and the implementation of the increased tax liability were simultaneous actions. Similarly, the R&D Law and the imposition of the increased tax collapsed into a single filing. *See* Assan's Rebuttal Br. at 3–4, Appx001542–001543 (discussing Assan's IQR, Exh. 7 & 20, Appx002607–002948, Appx003082–003083).

Commerce rejected the notion that Law 7440 is part of the RIIS Tax Reduction and the R&D Law, citing its decision in *Certain Brake Drums From the Republic of Türkiye*. Final I&D Mem. at 24 & nn.85–86 (citing *Certain Brake Drums From the Republic of Türkiye: Preliminary Affirmative Countervailing Duty Determination and Alignment of Final Determination With Final Antidumping Duty Determination*, 89 Fed. Reg. 95740 (Dep't Commerce Dec. 3, 2024), and accompanying Preliminary Decision Memorandum at 18 ("Brake Drums PDM"), *affirmed in Certain Brake Drums From the Republic of Türkiye: Final Affirmative Countervailing Duty Determination*, 90 Fed. Reg. 26008 (Dep't Commerce June 18, 2025), and accompanying Issues and Decision Memorandum at 5). As Commerce observed, in that case,

there was "no indication on the record that this {Law 7440} is part of the RIIS – Tax Reduction program, but a different law entirely." I&D Mem. at 24 & n.85, Appx001229 (quoting Brake Drums PDM at 18). The problem is that, as discussed above, there is evidence on the record that Law 7440 and the other programs collapse into a single program—Commerce simply failed to address it. In any event, simply relying on a prior decision, by itself, does not satisfy Commerce's requirement to explain its decision in this review. *Cf. CS Wind Viet. Co. v. United States*, 832 F.3d 1367, 1377 (Fed. Cir. 2016) ("{A}n agency's statement of what it normally does or has done before . . . is not, by itself, an explanation of why its methodology comports with the statute. Whether it does so in a particular agency decision or in a cited earlier decision, the agency must ground such a normal or past practice in the statutory standard.") (internal quotation marks and citations omitted).

Commerce also claimed that the reference in Law 7440 to the RIIS demonstrated that RIIS Tax Reduction was "separate" from Law 7440. I&D Mem. at 24, Appx001229. Commerce equated two laws to two programs, without providing any support for that finding. However, a single program may include multiple elements or laws. *See Hynix*

*Semiconductor Inc. v. United States*, 391 F.Supp.2d 1337, 1345 (Ct. Int'l Trade 2005) (affirming Commerce's finding that "individual events of a subsidy program need to be evaluated outside of the overall context of the subsidy program" and that "a subsidy program can include multiple elements and multiple actors, brought together for an overarching governmental objective"). And while Commerce may decide that multiple laws constitute multiple programs, such a decision must be based on a reasonable interpretation of the record. *Id.* at 1345 n.7. Here, Commerce failed to provide any meaningful explanation—it simply found that separate laws create separate programs. That finding cannot stand. *See Timken U.S. Corp. v. United States*, 421 F.3d 1350, 1355 (Fed. Cir. 2005).

In summary, Commerce failed to provide a sufficient explanation for its treatment of Law 7440, the RIIS Tax Reduction, and the R&D Program. And, to the extent Commerce provided any reasoning, it failed to address evidence detracting from its conclusion that the increased tax liability was a consequence—not part of—Assan's receipt of assistance under the RIIS Tax Reduction and the R&D Law. Thus, Commerce's decision must be remanded. *See Nippon Steel*, 458 F.3d at

1351 ("A reviewing court must consider the record as a whole, including that which 'fairly detracts from its weight' . . . .") (quoting *Universal Camera*, 340 U.S. at 477–78, 488).

### B. <u>Commerce Unlawfully Inflated the Benefit Calculations</u>

Even assuming, *arguendo*, that Law 7440 is not part of the RIIS Tax Reduction or the R&D Program, Commerce's benefit calculations are still unlawful because they overstate the benefits Assan actually received. Commerce's overarching duty in administering the countervailing duty law is to determine the subsidy rate "as accurately as possible." *NTN Bearing*, 74 F.3d at 1208 (citation omitted). Just as the "U.S. industry is not entitled to a remedy in excess of the difference between foreign market value and U.S. price" in the dumping context, *id.*, it is not entitled to a remedy in excess of the actual benefit the foreign producer/exporter received in the countervailing duty context.

Here, for the final results and in a change from the preliminary results, Commerce contravened its duty and overcalculated the benefit for the RIIS Tax Reduction and the R&D Program in two ways: (1) Commerce disregarded the fact that Assan did not actually receive the full benefit of either program in connection with Law 7440; and (2)

Commerce calculated the benefit for both programs by using the 23% corporate tax rate—not the 22% corporate tax rate that Assan would have paid in the absence of the programs. As a result, Commerce calculated benefits of [ **value #** ] and [ **value #** ] for the RIIS Tax Reduction and the R&D Program, respectively, while Assan only received benefits of [ **value #** ] and [ **value #** ], respectively.[3] *Compare* Final Calc. Mem., Attach. II (tabs [ **Program Benefit Calculation** ]), Appx001275, Appx001276, *with* Assan's IQR, Exhs. 18 & 23, Appx003060, Appx003092. This overstated Assan's net subsidy benefit by [ **value #** ]. Stated differently, Commerce calculated a benefit that did not reflect Assan's "economic reality." *Yangzhou Bestpak Gifts & Crafts Co. v. United States*, 716 F.3d 1370, 1378 (Fed.

---

[3] The latter two figures are adjusted for inflation, according to Commerce's Final Calculations Memorandum, Attach. II (tab [ **Program Benefit Calculation**]). Specifically, the net benefit that Assan originally calculated for the RIIS Tax Reduction—[ **value #** ]—is multiplied by [**value #**], to produce a figure of [ **value #** ]. The net benefit that Assan originally calculated for the R&D Law—[ **value #** ]—is also multiplied by [ **%** ], to produce a figure of [ **value #** ].

Cir. 2013) (citation omitted). Therefore, the Court should remand Commerce's benefit calculations.

### C. Commerce Did Not Address Evidence that Law 7440 Was Based on an Extraordinary Event

Independently, even if the Court were to uphold Commerce's treatment of Law 7440 as separate from the RIIS Tax Reduction and the R&D Program, Commerce still erred by failing to consider whether the increased tax obligations qualify as an extraordinary expense. Commerce has long treated extraordinary-event expenses favorably in antidumping duty proceedings. *See, e.g.*, *Sugar From Mexico: Final Determination of Sales at Less Than Fair Value*, 80 Fed. Reg. 57341 (Dep't Commerce Sept. 23, 2015), and accompanying Issues and Decision Memorandum at 13–14 ("Sugar from Mexico IDM"); *Granular Polytetrafluoroethylene Resin From India: Final Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances*, 87 Fed. Reg. 3772 (Dep't Commerce Jan. 25, 2022), and accompanying Issues and Decision Memorandum at 20. Commerce requires that expenses satisfy two criteria: (1) the underlying event must be highly abnormal and be of a type clearly unrelated to, or incidentally related to, the typical activities of the

respondent, given the environment where it operates; and (2) the underlying event "would not reasonably be expected to recur in the foreseeable future, again taking into account the environment in which the reporting entity operates." Sugar from Mexico IDM at 14.

In the context of this review, Commerce should have considered Law 7440 as imposing extraordinary expenses, which reduced the tax benefits that Assan received from the RIIS Tax Reduction and the R&D Law. However, Commerce dismissed Plaintiffs' contention that the earthquakes were an extraordinary event, without addressing either criterion. Commerce pivoted to focus on the mechanics and interplay of Law 7440 and the other laws. *See* I&D Mem. at 24, Appx001229 ("However, Assan's own information proves that this is not part of the RIIS program and a different law entirely."). Then, Commerce summarily concluded that "the argument of whether this additional tax is an extraordinary expense is not applicable." *Id.*

Even if Law 7440 were separate from the other laws—and it is not—that would not explain why it does not qualify as an extraordinary expense. Apparently, in Commerce's view, an independently enacted law cannot be extraordinary. However, being enacted separately

*supports* finding that Law 7440 is extraordinary under Commerce's criteria. That is, independent enaction of Law 7440 could indicate that it is "abnormal" and only "incidentally related to" Assan's typical activities—which would satisfy the first criterion. Sugar from Mexico IDM at 14. With respect to the second criterion, earthquakes are natural disasters and not likely "to recur in the foreseeable future." *Id.*

Commerce's failure to consider whether the earthquakes underlying Law 7440 are extraordinary—much less address evidence on the issue—warrants a remand. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 30 (2020) (failing to consider an important aspect of the problem "alone renders {the} decision arbitrary and capricious").

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Judgment on the Agency Record and remand the *Final Results*, as amended by the *First Amended Final Results* and the *Second Amended Final Results*, with instructions for Commerce to reconsider: (1) its finding that Law 7440 is not part of the same program as the RIIS Tax Reduction and the R&D Program; (2) its

benefit calculations for the RIIS Tax Reduction and the R&D Law; and (3) its failure to address evidence that Law 7440 is an extraordinary expenses that was enacted in response to an extraordinary event.

Respectfully submitted,

/s/ Jessica R. DiPietro
Jessica R. DiPietro
Leah N. Scarpelli
Matthew M. Nolan
Tyler J. Kimberly
Chelsea J. Burkhart

ARENTFOX SCHIFF LLP
1717 K Street, NW
Washington, D.C. 20006
Tel: (202) 350-3622
Email: jessica.dipietro@afslaw.com

*Attorneys for Assan Alüminyum Sanayi ve Ticaret A.Ş., and Kibar Dış Ticaret A.Ş.*

Dated: September 22, 2026

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATION

Pursuant to the Court's Standard Chamber Procedure 2(b)(1), and the Scheduling Order (Aug. 21, 2026), ECF No. 27, the undersigned certifies that Plaintiffs' Brief accompanying their Motion for Judgment on the Agency Record, filed on September 22, 2026, complies with the word limitation requirement. The word count for the brief, as computed by ArentFox Schiff LLP's word processing system, is 5,288.

**_/s/ Jessica R. DiPietro**
Jessica R. DiPietro

**CERTIFICATE REGARDING THE USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

Pursuant to requirement 6 of Judge Baker's Document Formatting Instructions, the undersigned certifies that the brief contains portions which were proofread for spelling errors, grammatical errors, typographical errors, and similar types of errors, using a Microsoft Word add-on for Harvey, a generative artificial intelligence (AI) product licensed by the firm. The instances where Harvey was used for these purposes do not impact the substance of the brief.

Specifically, Harvey was used to help proofread the public brief, and to summarize the public brief to help draft the proposed order and summary motion. Counsel provided Harvey with the public version of the Brief drafted by counsel without AI assistance. Counsel then reviewed these portions and revised the language so that no AI-generated text was used in the Brief. AI-generated text was used in the proposed order and summary motion, and such text was confirmed by Counsel. Counsel reviewed and revised all instances where Harvey was used and removed any language that was not accurate or that did not reflect counsel's intent.

Counsel did not provide any BPI to Harvey to accomplish the tasks above.

**_/s/ Jessica R. DiPietro**
Jessica R. DiPietro

**U.S. COURT OF INTERNATIONAL TRADE**

**CERTIFICATE OF CONFIDENTIAL MATERIAL**

**Case Number:** 2026-2957

**Caption:** Assan Alüminyum Sanayi ve Ticaret A.Ş., Kibar Dış Ticaret A.Ş., and Kibar Americas Inc. v. United States

The foregoing document contains **39** unique words (including numbers) marked confidential.

This number does not exceed the maximum of 50 words permitted by Fed. Cir. R. 25.1(d)(1)(B) for cases under 19 U.S.C. § 1516a.

Signature: /**s/ Jessica R. DiPietro**
Name: Jessica R. DiPietro